# SUPERIOR COURT

## No. 701
### STINE v. MENKE

Cincinnati Superior Court

No. 59164. Decided June 18, 1925

(Opinion on Demurrer)

211. ACTION—Cause of, growing out of undue influence over weak mind does not accrue until removal of pernicious influence.

1204. UNDUE INFLUENCE—When depended upon by devisee to set aside transfer by grantor, presumed to continue until after death of grantor.

MARX, J.

Amelia Stine brought her action in the Cincinnati Superior Court, against Frank Menke. It was alleged that Menke, April 9, 1919, entered into a lease with Flora Palmer, since deceased, for certain property at a rental of $780 a year, for five years, and with privilege of purchase for $10,500. It was further alleged that she at the time of signing said lease was old, feeble, and sick, and that rental and privilege of purchase prices were grossly inadequate. It was claimed that Menke unduly influenced her to sign the lease.

Stine brought this suit claiming that the lease was void, she having been devised the property under the will of Flora Palmer. Menke demurred to the petition as not stating sufficient facts, and that the action was not brought within the time; it being contended that the four year period of limitation for relief on ground of fraud applied. The Superior Court held:

1. Where there is weakness of mind arising from old age, sickness or other causes, and plain inadequacy of consideration, or where there is weakness of mind and circumstances of undue influence and advantage in either case, a contract may be set aside in equity.

2. The lease was made in 1919; Flora Palmer died in 1921, and this action was not filed until Sept. 26, 1924. If the cause of action accrued at the time the lease was executed, the action is barred, as the four year period limitation applies. If the cause of action accrued at or after the death of Flora Palmer, the cause of action is not barred by the four year statute, 11224 GC.

3. A cause of action growing out of undue influence over a weak mind does not accrue until after the removal of the baleful influence which did not occur until at or after grantor's death.

4. In actions by heirs or devisees to set aside transfers by their ancestor on the ground of fraud or undue influence, such fraud or undue influence is presumed to continue until after death of ancestor or grantor, and the statute does not begin to run until at or after ancestor's or grantor's death.

5. Hence Stine having commenced the action within four years after death of Flora Palmer is within time; assuming for purposes of demurrer that facts stated are true, and that legal presumptions flowing therefrom can be substantiated in fact. Demurrer overruled.

Attorneys—Robt. P. Goldman for Stine; Frank H. Kunkel for Menke; both of Cincinnati.